UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:24-cr-00206 |
| | ) | |
| | ) | Judge Newbern |
| TROY DARNELL DOUGLAS | ) | |

**UNITED STATES' MOTION FOR A DETENTION HEARING**
**AND FOR DETENTION OF THE DEFENDANT**

The United States of America by Robert E. McGuire, Acting United States Attorney for the Middle District of Tennessee, and Zachary T. Hinkle, Assistant United States Attorney, moves this Court for detention of the Defendant under 18 U.S.C. § 3142(f)(1)(B) & (C).

Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions . . . will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community. . . upon motion of the attorney for the Government" in a case, that involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)" or "any felony . . . that involves possession or use of a firearm." 18 U.S.C. § 3142(f)(1)(C), (E).

Each of the charges in the indictment satisfies § 3142(f)(1)'s requirements for a detention hearing. Count One alleges that the Defendant unlawfully possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), which carries a maximum term of 20 years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(C). Further, Count Two alleges that the Defendant possessed a firearm in furtherance of

a drug-trafficking offense, *see* 18 U.S.C. § 924(c), and Count Three alleges the Defendant possessed a firearm after being convicted of a felony, *see* 18 U.S.C. § 922(g)(1).

Additionally, at the hearing there will be a rebuttable presumption in favor of detention given that the Defendant has been charged with, as discussed, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)" and "an offense under section 924(c)" of Title 18. 18 U.S.C. § 3142(e)(3)(A), (B). The United States intends to rely on that presumption at the detention hearing.

The Court should detain the Defendant. On January 11, 2024, Metropolitan Nashville Police Department officers arrested the Defendant, who was wanted on a fugitive warrant out of Kansas for failing to appear as required in court. The officers narrowed his location down to a Nashville residence, which had electric service in the Defendant's name. Eventually, the Defendant came outside. The officers arrested him and sought consent to search the house, but the Defendant claimed, incredibly, that he had come out of a different house. The officers later obtained a search warrant for the residence and found narcotics and several firearms, including an AR-style machinegun and a 100-round drum.

Additionally, when he was arrested in this case, the Defendant was on bond not only in Kansas but also out of Davidson County for several violent offenses. Specifically, he was on bond for multiple aggravated assault charges involving different women, and he later pleaded guilty to aggravated assault by strangulation and domestic assault.

For the reasons stated, the Court can have no confidence that any set of conditions will assure the Defendant's appearance in court as required or the safety of the community. The United States therefore moves the Court for an order of detention in this case. The United States respectfully requests that, should a hearing be necessary, the Court grant the United States a

continuance in this matter of three days so that the United States may adequately prepare for the hearing on this motion.

> Respectfully submitted,
>
> ROBERT E. MCGUIRE
> Acting United States Attorney
>
> /s/ Zachary T. Hinkle
> ZACHARY T. HINKLE
> Assistant United States Attorney
> 719 Church Street, Ste 3300
> Nashville, Tennessee 37203
> 615-736-5151
> Zachary.Hinkle@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be filed electronically via CM/ECF and served on the Defendant's counsel after counsel is appointed on the January 6, 2024.

> /s/ Zachary T. Hinkle
> ZACHARY T. HINKLE
> Assistant United States Attorney